NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3074

SHAVONNE L. MODEST-COLEMAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Shavonne L. Modest-Coleman, of Rochester Hills, Michigan, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Acting Associate General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3074

SHAVONNE L. MODEST-COLEMAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752080355-I-1.

_____

DECIDED: May 5, 2009

_____

Before LOURIE, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Shavonne Modest-Coleman appeals from the decision of the Merit Systems Protection Board ("Board") dismissing her petition for appeal as untimely filed. <u>Modest-Coleman v. Dep't of the Treasury</u>, CH-0752-08-0355-I-1 (M.S.P.B. Oct. 29, 2008). Because the Board's decision was in accordance with law and supported by substantial evidence, we <u>affirm</u>.

BACKGROUND

Modest-Coleman was employed by the Internal Revenue Service in Detroit, MI, as a supervisory computer assistant. Effective August 3, 2007, the IRS removed her from that position on charges that she submitted fraudulent documents to the Department of Housing and Urban Development. The IRS sent Modest-Coleman a decision letter advising her of its decision. Modest-Coleman acknowledged receipt of that letter on July 27, 2007. That letter also informed her that she had thirty days from the effective date of removal in which to file an appeal with the Board. That thirty-day period ended on September 2, 2007.

Modest-Coleman did not file an appeal to the Board until February 12, 2008. The next day, the administrative judge issued an Acknowledgement Order informing Modest-Coleman that her appeal appeared to be untimely and ordering her to show good cause for the untimeliness. In response to that order, Modest-Coleman asserted that she was unaware of the deadline until she contacted her union in February 2008 and that she was in the process of moving during the period when she was required to file an appeal. She also stated that she was taking medication for depression from July 2007 until October 2007, but did not state that such illness resulted in her untimely filing.

On June 10, 2008, the administrative judge (the "AJ") issued an initial decision dismissing Modest-Coleman's appeal as untimely filed. The AJ found that Modest-Coleman had received the notice of removal which contained instructions for filing an appeal to the Board and therefore was on notice of her appeal rights. The AJ further found that Modest-Coleman's depression was not so incapacitating as to render her unable to pursue her appeal rights in a timely manner.

2009-3074

Modest-Coleman appealed the AJ's decision. On October 29, 2008, the Board denied her petition for review and the AJ's decision became the final decision of the Board. Modest-Coleman then timely appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

A petition for appeal to the Board must be filed within thirty days of the receipt of an agency's decision or the effective date of the agency's action, whichever is later. 5 C.F.R. § 1201.22(b). In this case, the thirty-day time period began on the effective date of Modest-Coleman's removal, August 3, 2007. The Board may waive this time period on a showing of good cause. Id. § 1201.22(c). The burden of showing good cause rests with the petitioner. Mendoza, 966 F.2d at 653.

On appeal, Modest-Coleman argues that her untimely filing was the result of being "under mental stress, poor guidance, lack of knowledge, and suffer[ing] much embarrassment" due to her removal. She urges us to review her case "due to the things that unfortunately happened" to her. While we are sympathetic with her circumstances, Modest-Coleman's appeal does not demonstrate good cause for her untimely filing.

2009-3074

-3-

We have recognized a number of factors that are relevant to the good cause inquiry. These factors include the length of the delay in filing, the appellant's awareness of the filing deadline, the existence of circumstances beyond appellant's control, the degree of negligence on appellant's part, whether the neglect is excusable, and the prejudice caused to the agency by the delay. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (citation omitted). In this case, Modest-Coleman was informed of the filing deadline, and therefore her claim that she was unaware of the deadline has no merit. She has not submitted evidence of any circumstances that are not present in the vast majority of employee action cases, where we have upheld the Board's failure to find good cause. "Mental stress" and "embarrassment" can be expected to accompany any termination of employment. Thus, standing alone, Modest-Coleman's claims of stress and embarrassment do not constitute good cause for not filing a timely appeal.

The only circumstance that Modest-Coleman has pled that could conceivably constitute good cause for late filing is her claimed depression. However, Modest-Coleman has not alleged that her depression resulted in the untimely filing. Nor has she submitted any documentation that would meet the requirements for establishing good cause due to mental illness. Such requirements are set forth in Lacy v. Dep't of the Navy, 78 M.S.P.R. 434 (1998). Absent any such documentation, we cannot overturn the Board's decision.

Lastly, Modest-Coleman argues that her removal was not fair in light of the verbal or written reprimands given to "others with [the] same accusations brought against them." Of course, that argument attacks the merits on which the underlying removal action was based. As the only issue before us is the timeliness of Modest-Coleman's

2009-3074

appeal, we cannot address arguments that go to the merits of the underlying action. See Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986).

Accordingly, we affirm the Board's decision.

COSTS

No costs.